**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2018[*]
Decided November 2, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1303

| | |
|---|---|
| EUGENE N. ARNOLD III, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 17-cv-8389 |
| CIRCUIT COURT OF COOK COUNTY, | |
| *Defendant-Appellee*. | Sharon Johnson Coleman, |
| | *Judge*. |

## O R D E R

Eugene Arnold III attempted to pay child support by submitting "checks" drawn from a "UCC contract trust" account that he purportedly held as a "private banker." The Clerk of the Circuit Court of Cook County accepted four of the checks before telling Arnold that he must pay the rest in cash. Instead, after complaining to multiple Cook County officials, Arnold filed suit, alleging "discrimination of payment" based on his

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

national origin as a "Native American/aboriginal 'Republic'" and retaliation in violation of Title VII of the Civil Rights Act of 1964. After giving Arnold the opportunity to clarify his claims at a status hearing, the district court dismissed the complaint with prejudice for: (1) failing to name a suable defendant; and (2) failing to allege any facts to support an inference that the defendant's actions were motivated by animus based on national origin. *See* FED. R. CIV. P. 12(b)(6); *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 588 n.3 (7th Cir. 2016). Arnold appeals, and we affirm the judgment.

To begin, the Circuit Court of Cook County is a unit of the Illinois judicial system, so Arnold's suit is against the State of Illinois. ILL. CONST. art. VI, § 7(a). *See also King v. Marion Circuit Court*, 868 F.3d 589, 591 (7th Cir. 2017); *Scott v. O'Grady*, 975 F.2d 366, 370–71 (7th Cir. 1992). Congress has abrogated state sovereign immunity for certain Title VII claims. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 457 (1976); *Nanda v. Bd. of Trustees of Univ. of Ill.*, 303 F.3d 817, 831 (7th Cir. 2002). But Arnold cannot maintain an action under Title VII because his claims have nothing to do with employment discrimination. *See* 42 U.S.C. § 2000e–2(a), 3(a). (His invocation of "national origin discrimination" was not employment-related.) And a state is not suable under 42 U.S.C. § 1983, the only plausible legal basis for his claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

Even if this defect might be cured by substituting a suable defendant, *see Thomas*, 697 F.3d at 614, Arnold's complaint is still deficient. It is just a hodgepodge of exhibits: a charge of discrimination filed with the Equal Employment Opportunity Commission and the Illinois Human Rights Commission; a list of "legal witnesses"; a complaint form filed with the Office of Inspector General; an order from the Circuit Court noting that Arnold was instructed on how to make child-support payments; and copies of Arnold's four "checks" with two receipts. None of these documents unearths a coherent grievance that would alert any specific defendant to the basis of Arnold's claims. *See* FED. R. CIV. P. 8(a); *Rowlands v. United Parcel Serv. – Fort Wayne*, 901 F.3d 792, 800 (7th Cir. 2018).

Although a district court generally should afford a plaintiff at least one opportunity to amend a complaint before dismissing it with prejudice, we can see that amending would have been futile in this case. *See Pension Tr. Fund for Operating Eng'rs v. Kohl's Corp.*, 895 F.3d 933, 942 (7th Cir. 2018); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). The district court initially stated that Arnold could amend his complaint, but instead gave Arnold the chance to articulate his claim orally at a transcribed hearing before she dismissed the case. *See*

*Henderson v. Wilcoxen*, 802 F.3d 930, 932–33 (7th Cir. 2015). Arnold explained that he is entitled to discharge his debts by tendering "acceptance for value" forms, and that the Circuit Court's refusal to accept his payments constitutes discrimination. (He clarifies on appeal that he means "financial" discrimination, not national-origin discrimination.)

Arnold rejects the term "sovereign citizen" in his "affidavit of truth," but his filings and asserted beliefs are characteristic of that movement. *See generally* Federal Bureau of Investigation, *Sovereign Citizens: An Introduction for Law Enforcement* 2 (Nov. 2010), http://info.publicintelligence.net/FBI-SovereignCitizens.pdf. Some so-called sovereign citizens attempt to fraudulently eliminate debt by sending creditors "acceptance for value" forms referencing various UCC provisions, much as Arnold did with his transparently phony "checks." *Id.* at 6–8. (The court accepted four of these "checks" before apparently catching on.) Even if Arnold did not have fraudulent motives, we cannot hypothesize any legal theory that could provide relief from the court clerk's refusal to take "checks" drawn from a suspicious "UCC Contract Trust" account and demand another form of payment.

Because Arnold cannot state a plausible claim for relief, we affirm the judgment.